**SCOTTSDALE INSURANCE COMPANY, Appellant,**

v.

**Samuel M. TIPTON and Barbara M. Tipton, Appellees.**

No. 13–98–459–CV.

Court of Appeals of Texas, Corpus Christi.

July 26, 2001.

Rehearing Overruled July 26, 2001.

Eileen Marie Gaffney, Jeffrey L. Scott, Houston, for appellant.

O.F. Jones III, Victoria, for appellee.

DORSEY, Justice, dissenting on motion for rehearing en banc.

Because I find that the order appealed from in this case contains a "clear indication that the trial court intended the order to completely dispose of the entire case," I respectfully dissent from the majority's denial of rehearing on its dismissal of the case on jurisdictional grounds. *See Lehmann v. Har–Con Corp.,* 39 S.W.3d 191 (Tex.2001). I believe the majority has extended the *Lehmann* decision beyond its intended reach.

In this case, the trial court clearly intended to sever the Tiptons' causes of action against Scottsdale based on "bad faith liability" into a new cause number, as that is exactly what it did. I do not believe that the fact that the trial court seemed to grant more relief than was requested in the motion necessitates the conclusion that, therefore, the trial court did not clearly intend to make that a final judgment by disposing of all causes of action contained therein.

While *Lehmann* has abolished the preclusive effect of the talismanic incantation of the "Mother Hubbard" language—"all relief not expressly granted herein is denied"—it does not change some basic rules regarding the finality of judgments. Rather, the court in *Lehmann* backed away from the bright-line test laid down in *Mafrige v. Ross,* that a judgment was final if it said it was final, regardless of whether all other indications implied that the trial court did not intend for the judgment to be final. *See Mafrige v. Ross,* 866 S.W.2d

590, 590, n. 1 (Tex.1993). Rather, the court set forth a new rule holding that:

> [I]n cases in which only one final and appealable judgment can be rendered, a judgment issued without a conventional trial is final for purposes of appeal if and only if either it actually disposes of all claims and parties then before the court, regardless of its language, or it states with unmistakable clarity that it is a final judgment as to all claims and all parties.

*Lehmann*, 39 S.W.3d at 192–93. That is, "[a] judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language." *Id.* at 200.

Still, this does not mean that the "Mother Hubbard" language has no effect upon the finality of a judgment. The *Lehmann* Court directly addressed this precise issue:

> [T]he language of an order or judgment can make it final, even though it should have been interlocutory, if that language expressly disposes of all claims and all parties. It is not enough, of course, that the order or judgment merely use the word "final". The intent to finally dispose of the case must be unequivocally expressed in the words of the order itself. But if that intent is clear from the order, then the order is final and appealable, even though the record does not provide an adequate basis for rendition of judgment. So, for example, if a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final—erroneous, but final. *A judgment that grants more relief than a party is entitled to is subject to reversal, but it is not, for that reason alone, interlocutory.*

*Id.* (emphasis added) (footnotes omitted).

I believe the judgment in this case is governed by that passage in *Lehmann*. It is final. It may be erroneous, but it is final. The language of the order indicates the trial court clearly intended to dispose of all remaining claims. If the court went too far in awarding insurance code damages, it is cause for reversal—not dismissal for lack of jurisdiction—under the clear language of *Lehmann*.

Justice ERRLINDA CASTILLO joins in this dissent.